## LARRICK v INDUSTRIAL COMM.

Ohio Appeals, 2nd Dist, Franklin Co

No 2922. Decided Feb 27, 1939

Kennedy & Horner, Columbus, for plaintiff-appellant.

Ralph J. Bartlett, Prosecuting Attorney, Columbus, David V. Sharp, Edward B. Paxton, Asst. Prosecuting Attorneys, Columbus, for defendant-appellee.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

All requisite preliminary steps were taken through which the case was properly launched in the Common Pleas Court.

George Larrick, plaintiff's husband, for many years was an employee of the Gwinn Milling Company, of Columbus, Ohio. At the time of his death he was sixty-eight years old. On the 27th day of August, 1936, plaintiff's decedent arrived at the plant of the Gwinn Milling Company about 6:15 A. M. As was his custom, he took the elevator to the third floor, and thence, with two other employees, to the dressing room where they changed their clothes for the day's work. These men remained in the dressing room until about 6:30, when the signal was given to start the machinery. Mr. Larrick walked from the dressing room to the elevator, preparatory to going to the second floor, when he collapsed. The workmen with him gave him such attention as they could and immediately called a doctor and an ambulance. He was taken to his home at once, remained conscious for about two or three days, then lapsed into a coma, after which he was taken to a hospital, and on September 2, died.

Following his death there was an autopsy. The diagnosis following the autopsy presented:

1. A massive hemorrhage into the basilar of the cerebellum;
2. Patecil hemorrhage of ventricles;
3. Bilateral hypostatic bronchial pneumonia;
4. General arterio sclerosis;
5. Marked coronary sclerosis;
6. Passive congestion of the liver;
7. Cholelithiasis.

It was the contention of plaintiff that her decedent suffered a heat stroke or heat prostration at the mill. On the day in question it was stipulated that the temperature in and around Columbus was from 70 to 72 degrees Fahrenheit. It was stated that the temperature was higher within the mill, ranging anywhere from the statement that it was warmer to an estimate given by the son of 90 degrees.

There was no evidence of any artificial heat in the building. The only reason for its being warmer in the building than outside was by reason of the windows being closed during the night, and thereby the accumulated heat of the previous day was shut in.

Counsel for plaintiff relies in the main on the case of **Doehler Die Casting Company v McNeely, 21 Oh Ap 148.**

Council for Commission refers to the decision of our court in the case of

**Medley v Industrial Commission of Ohio,** decided May 23, 1933, being No. 2931, Franklin County.

In the Medley case, supra, the trial court after verdict for plaintiff on motion entered judgment for defendant non obstante veredicto, and our court sustained the judgment of the lower court. The evidence in the Medley case is stronger in its support of claimant than in the instant case.

We are unable to find any evidence supporting the theory of accidental injury.

We have before us the very able opinion of the trial court, Judge Leach, and since we are affirming the judgment, we follow his reasoning and conclusions. The judgment will be affirmed.

HORNBECK, PJ, and GEIGER, J, concur.